UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. _____
**(Underlying Criminal Case no.14-cr-80009-DMM)**

MARK RICHARD HILLSTROM,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**PETITION FOR A WRIT OF ERROR CORAM NOBIS**

Petitioner, Mark Richard Hillstrom, through undersigned counsel, respectfully petitions this Court for a Writ of Error Coram Nobis. In support of that petition, Mr. Hillstrom states as follows:

1. On January 21, 2014, a federal grand jury charged Mr. Hillstrom with a single-count indictment charging Mr. Hillstrom with knowingly and intentionally transmitting in interstate commerce a communication over the internet containing a threat to injure the person of another, in violation of 18 U.S.C. § 875(c).

2. On March 7, 2014, Mr. Hillstrom entered a plea guilty to the indictment. DE 82. Mr. Hillstrom and the government entered into a written plea agreement. DE 36. Mr. Hillstrom and the government also signed a Factual Proffer drafted by the government. DE 37. At the change of plea hearing, the proffer was not read into

the record, but the parties agreed it was accurate and satisfied all of the required elements of the offense in question. DE 82 at 24.

3. On May 15, 2014, this Court sentenced Mr. Hillstrom to a ten-month term of imprisonment, to be followed by a three-year term of supervised release. DE 43.

4. After his release from prison, Mr. Hillstrom began serving his three-year term of supervised release. On August 21, 2015, Mr. Hillstrom was arrested and charged with violating the terms of his supervised release. DE 56. This court held a hearing on September 30, 2015. On October 2, 2015, this Court revoked Mr. Hillstrom's term of supervised release, sentenced Mr. Hillstrom to time-served and imposed an additional twenty-four-month term of supervised release on Mr. Hillstrom. DE 67.

5. The probation office subsequently filed another Petition and Order for a modification of Mr. Hillstrom's term of supervised release. DE 83, 88. On July 22, 2016, this Court again revoked Mr. Hillstrom's term of supervised release. DE 103. This Court sentenced Mr. Hillstrom to time served and imposed no further supervision. Mr. Hillstrom has thus not been in custody for the underlying offense since July 22, 2016.

6. On June 27, 2023, the Supreme Court held that in a criminal prosecution for communications constituting a true threat, the First Amendment to the United States Constitution requires proof beyond a reasonable doubt that the defendant had some subjective understanding of the threatening nature of his

statements and that the defendant had the mens rea of recklessness. *See Counterman v. Colorado*, 143 S. Ct. 2106 (2023).

7. Application of *Counterman* to this case establishes that the government failed to allege a crime in the indictment filed against Mr. Hillstrom.

## BACKGROUND

A federal grand jury in the Southern District of Florida charged Mr. Mark Richard Hillstrom in a one-count indictment with making threats against the Broward County State Attorney in violation of 18 U.S.C. § 875(c). The single-count indictment stated in its entirety as follows:

> On or about November 27, 2013, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendant **MARK RICHARD HILLSTROM** did knowingly and intentionally transmit in interstate commerce a communication over the internet, which communication contained a threat to injure the person of another, specifically "M.S.," in violation of Title 18, United States Code, Section 875(c).

DE 23.

Mr. Hillstrom entered a plea of guilty to the one-count indictment. As part of the plea process, Mr. Hillstrom and the government filed a joint factual proffer stipulating to facts which would have been proven beyond a reasonable doubt if the case had proceeded to trial. DE 37. Specifically, the parties agreed that the following facts would have been proven beyond a reasonable doubt at trial:

> On November 27, 2013, at approximately 9:52 a.m., on JAABlog, a blog devoted to coverage of the Broward County courts and judiciary, HILLSTROM posted the following entry:
> > Rouge asa will die wrote: by the end of this year a rouque asa will be executed for his abuse of prosecutorialpower that hurt my kids and ruined my life. His kids will be spared but he has too much power to be left to his sma

3

> minded sick decptions to get convictions and further his career. He will be accompanied by current and former judges who abused their judicial power to destroy good lives and decent people. [M.S.] goes first.
>
> HILLSTROM posted the entry on the internet blog using a computer. HILLSTROM was in Palm Beach County, Florida at the time he made the post. JAABlog's website is hosted by Go Daddy. Go Daddy's computer servers are located in Arizona. As a result, the posting/message was sent in interstate commerce.
>
> HILLSTROM knowingly posted the threat, which was a true threat to injure M.S., after years of disagreement with the Broward State Attorney's office, of which M.S. is the head.

DE 37. As a result of the plea of guilty, this Court adjudicated Mr. Hillstrom guilty, and on May 21, 2014, this Court sentenced Mr. Hillstrom to a ten-month term of imprisonment followed by a three-year term of supervised release. DE 45. Mr. Hillstrom did not appeal his conviction.

### *Counterman v. Colorado*, 143 S. Ct. 2106 (2023)

On June 23, 2023, the Supreme Court issued its opinion in *Counterman v. Colorado*, 143 S. Ct. 2106 (2023). In *Counterman*, the Supreme Court held that in a criminal prosecution for communications constituting a true threat, the First Amendment to the United States Constitution requires proof beyond a reasonable doubt that the defendant had some subjective understanding of the threatening nature of his statements and that the defendant had the mens rea of at least recklessness with regard to that subjective understanding. *Id.* at 2117-2119.

The Supreme Court's decision in *Counterman* demonstrates that the indictment charging Mr. Hillstrom was defective in that it failed to charge an essential element of the offense – that Mr. Hillstrom had a subjective understanding of the threatening nature of his statements. The indictment charged that Mr.

4

Hillstrom knowingly and intentionally transmitted a communication over the internet, and that the communication "contained a true threat to injure [M.S.]." But it failed to connect the two and it failed to charge that Mr. Hillstrom had a subjective understanding of the threatening nature of his statements.  The factual proffer likewise failed to presents facts that would demonstrate that Mr. Hillstrom had a subjective understanding of the threatening nature of his statements.

The effect of the failure of the indictment and the factual proffer regarding Mr. Hillstrom's subjective understanding of the threatening nature of his statements is evident from the presentence report and sentencing hearing before this Court. The presentence report noted that Mr. Hillstrom suffers from bipolar disorder, which was first diagnosed in 2000. Presentence Report (PSR) at ¶ 61.  In addition, Mr. Hillstrom has been diagnosed as alcohol dependant and mixed personality disorder with anti-social and passive aggressive features. PSR at ¶ 62.  Mr. Hillstrom has previously been found by a court to be incompetent to stand trial.  PSR ¶ 64.  Finally, and most relevant here, Mr. Hillstrom is an alcoholic, having been in and out of treatment for his entire adult life.  PSR ¶ 65.

At the sentencing hearing, counsel for Mr. Hillstrom noted, as part of the argument for a lesser sentence, that:

> This [offense] happened on Thanksgiving day, and the excerpt that is quoted in the PSI, which is what he wrote, shows that it was very obvious in speaking to Mr. Hillstrom, it was confirmed, he was obviously very, very drunk on that day.  He was feeling very down, very depressed he could not be with his family.

5

DE 76 at 6. Mr. Hillstrom's severe intoxication at the time of the offense, a symptom of his chronic alcoholism, makes it clear that he was actually innocent of the charged offense because the government would not have been able to prove that Mr. Hillstrom had the requisite subjective understanding of the threatening nature of his statements. *See Driver v. Hinnant*, 356 F.2d 761 (4th Cir. 1966) (reversing the denial of habeas corpus relief and holding that chronic alcoholism provided a defense to the offense of public intoxication, for which the petitioner had been convicted over 200 times). In *Driver*, the Fourth Circuit noted that it was narrowing its holding to chronic alcoholics such as Mr. Hillstrom:

> Our discussion and decision, it must be recalled throughout, presupposes an indisputable finding that the offender is a "chronic alcoholic." As defined by the National Council on Alcoholism, he is a "person who is powerless to stop drinking and whose drinking seriously alters his normal living pattern." The American Medical Association defines "alcoholics" as "those excessive drinkers whose dependence on alcohol has attained such a degree that it shows a noticeable disturbance or interference with their bodily or mental health, their interpersonal relations, and their satisfactory social and economic functioning." The World Health Organization recognizes alcoholism "as a chronic illness that manifests itself as a disorder of behavior."

*Id*. at 763-764. In applying a defense for the chronic alcoholic, the Fourth Circuit concluded as follows:

> This conclusion does not contravene the familiar thesis that voluntary drunkenness is no excuse for a crime. The chronic alcoholic has not drunk voluntarily, although undoubtedly he did so originally. His excess now derives from disease.

*Id*. at 764. Under the model penal code, intoxication that "is pathological is an affirmative defense if by reason of such intoxication the actor at the time of his conduct lacks substantial capacity either to appreciate its criminality [wrongfulness]

6

or to conform his conduct to the requirements of law." Model Penal Code § 2.08(4); *see also Leocal v. Ashcroft*, 543 U.S. 1, 13 (2004) (Florida's DUI statute making it illegal to operate a vehicle while under the influence and causing serious bodily injury reaches individuals "who were negligent or less," and that the mens rea required is less than recklessness.).

Mr. Hillstrom did not send his message to M.S. directly through an email, text or any other private form of communication designed to be read only by M.S. or at least M.S. directly. Rather, Mr. Hillstrom posted his message on a public forum, the JAABlog. As the factual proffer notes, the JAABlog is "a blog devoted to coverage of the Broward County courts and judiciary." DE 37. It is an important public space where anyone can comment on, praise, question, and criticize important public matters happening in the county courts. As the Supreme Court has noted, such public forums on the internet function as a "modern public square" that allow any individual to "become a town crier with a voice that resonates farther than it could from any soapbox." *See Packingham v. North Carolina*, 137 S. Ct. 1730, 1737 (2017) (citing *Reno v. A.C.L.U.*, 117 S. Ct. 2329, 2344 (1997)). Speech in such forums are thus accorded the full protection of the First Amendment. *See id.*

The fact that Mr. Hillstrom posted his comments on a public forum specifically aimed at commenting on Broward County courts rather than in a direct message to M.S. is important for two reasons. First, such a public forum are places where protections on free speech under the First Amendment are at their strongest. Second, the positing of the comments on a public forum as opposed to a direct communication

7

to M.S., coupled with Mr. Hillstrom's severe intoxication at the time, make it clear that Mr. Hillstrom lacked the requisite subjective understanding of the threatening nature of his statements.

In *United States v. Martinez*, 800 F.3d 1293 (11th Cir. 2015), the Eleventh Circuit vacated Martinez's conviction because the "indictment is insufficient as it fails to allege an essential element of § 875(c). An indictment must set forth the essential elements of the offense. *United States v. Fern*, 155 F.3d 1318, 1324-25 (11th Cir. 1998)." *Id.* at 1295. The Court further held that the indictment failed to allege Martinez's *mens rea* or facts from which her intent can be inferred, with regard to the threatening nature of her e-mail and only that a reasonable person would regard Martinez's communications a threat. *Id.* Martinez's indictment, therefore, did not meet the Fifth Amendment requirement that the grand jury find probable cause for each of the elements of a violation of § 875(c). *Id.* The Court vacated Martinez's conviction and sentence and remanded the case to the district court with instructions to dismiss Martinez's indictment without prejudice. *Id.*

Mr. Hillstrom's indictment is identical to Martinez's indictment and suffers from the same constitutional infirmity. It fails to allege Mr. Hillstrom's *mens rea* or facts from which it can be inferred. The indictment does not meet the Fifth Amendment requirement that the grand jury find probable cause for each of the elements of a violation of § 875(c). The facts alleged in the indictment did not qualify as a crime under § 875(c). This Court lacked jurisdiction to convict and sentence Mr. Hillstrom for an offense that is actually not an offense.

"A plea of guilty to a charge does not waive a claim that – *judged on its face* – the charge is one which the State may not constitutionally prosecute." *United States v. Broce,* 488 U.S. 563, 575 (1989) (quoting *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) (per curiam)). Consent to plead guilty cannot confer jurisdiction to adjudicate an offense that is not an offense. *See Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 851 (1986) ("consent cannot confer on federal courts subject-matter jurisdiction"). If the court does not have the power to adjudicate a case, then it has no jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630 (2002). Jurisdiction "can never be forfeited or waived." *Id.*

District courts have jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. But "a district court is without power to accept a guilty plea to a 'non-offense.'" *United States v. Peter*, 310 F.3d 709, 713 (11th Cir. 2002). "'The entry of a guilty plea does not act as a waiver of jurisdictional defects such as an indictment's failure to charge an offense.'" *Id.* (quoting *United States v. Meacham*, 626 F.2d 503, 510 (5th Cir. 1980)). "A federal court lacks jurisdiction to enter a judgment of conviction when the indictment charges no offense under federal law whatsoever," – even if a defendant pleads guilty to that indictment. *United States v. Rosa-Ortiz*, 348 F.3d 33, 36 (1st Cir. 2003); *see also United States v. Bell*, 70 F.3d 495, 496-97 (7th Cir. 1995).

"In order to sustain a challenge to the district court's jurisdiction, the defendant who has pleaded guilty must establish that the face of the indictment discloses that the count or counts to which he pleaded guilty failed to charge a federal

offense." *Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987). When an indictment affirmatively alleges "specific conduct that is not proscribed by the charging statute," the court has no jurisdiction to enter a conviction and a guilty plea does not bar review on appeal. *Peter*, 310 F.3d at 714.

In contrast, an omission of a fact from an indictment is non-jurisdictional, and therefore waived by the entry of a guilty plea. *See Cotton*, 535 U.S. at 628-29. But if the alleged error "can be resolved by examining the face of the indictment" and determining that the indictment charged no crime at all, then the error is jurisdictional. *Peter*, 310 F.3d at 713, 714. "The requirement that the alleged jurisdictional defect be apparent from the face of the indictment reflects the line between issues that go to the court's power to entertain the prosecution and those that go merely to the government's ability to prove its case." *Hayle*, 815 F.2d at 882.

Here, this Court had no power to enter a conviction. Based on the Supreme Court's *Counterman* decision, the face of the indictment affirmatively alleges conduct that is not an offense. The indictment failed to allege elements of the offense and the conduct set forth in the indictment is not criminal as the Supreme Court ruled in *Counterman*. The government lacked the power to prosecute Mr. Hillstrom for the non-offense. Accordingly, because the court had no jurisdiction to enter judgment against him, Mr. Hillstrom's guilty plea does not eliminate review. *United States v. Seybold*, 979 F.2d 582, 585-86 (7th Cir. 1992.)

## Coram Nobis Relief

The All Writs Act provides that the "Supreme Court and all courts established by Act of Congress mat issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act provides this Court with the authority to issue a writ of error *coram nobis*. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000).

"A writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). *Coram nobis* relief first requires that there be no other avenue for relief. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). "Second, the writ may issue 'only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" *Id.* (quoting *Moody v. United States*, 874 F.2d 1575, 1576-77 (11th Cir. 1989)). Generally, an error which renders a proceeding irregular or invalid requires "misinformation of constitutional magnitude." *See United States v. Addonizio*, 442 U.S. 178, 187 (1979). "A writ of error coram nobis must issue to correct the judgment that the court never had power to enter." *Peter*, 310 F.3d at 716.

As argued above, the indictment here failed to charge that Mr. Hillstrom had some subjective understanding of the threatening nature of his statements. And thus, the indictment failed to charge the requisite *mens rea*. As a violation of Mr.

Hillstrom's Fifth Amendment right, that is an error of constitutional magnitude. *See Martinez*, 800 F.3d 1295. The issue has not been put in issue or passed upon since the issue has only been available since the Supreme Court's decision in *Counterman* on June 27, 2023, several years after Mr. Hillstrom's case was not only concluded but also years since he has been in custody for that offense. It is also an error that cannot be viewed as harmless. Again, it is undisputed that Mr. Hillstrom was severely intoxicated when he posted the comments in question onto a public on-line forum. Under the facts, it would have been impossible for the government to prove beyond a reasonable doubt that Mr. Hillstrom had some subjective understanding of the threatening nature of his statements. As such, the prosecution violates Mr. Hillstrom's First Amendment rights as explained by the Supreme Court in *Counterman*.

Here, the indictment failed to allege the requisite *mens rea* or facts from which the intent could be inferred. Again, the single-count indictment stated in its entirety as follows:

> On or about November 27, 2013, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendant **MARK RICHARD HILLSTROM** did knowingly and intentionally transmit in interstate commerce a communication over the internet, which communication contained a threat to injure the person of another, specifically "M.S.," in violation of Title 18, United States Code, Section 875(c).

DE 23. The indictment failed to allege that Mr. Hillstrom had some subjective understanding of the threatening nature of his statements and that he had the *mens rea* of at least recklessness with regard to that subjective understanding. *See Counterman*, 143 S. Ct. at 2117-2119. Because the indictment violated Mr.

12

Hillstrom's Fifth Amendment rights, this Court should grant his petition for a writ of error *coram nobis* and vacate his judgment of conviction. . *See Martinez*, 800 F.3d 1295.

## **CONCLUSION**

In light of the *Counterman* decision, a key element of the offense regarding the requisite *mens rea* was not charged in the indictment in violation of the Fifth Amendment to the United States Constitution. Accordingly, Mr. Hillstrom respectfully requests that this Court grant the instant petition for a writ of error *coram nobis* and vacate his conviction and sentence.

Respectfully submitted,

HECTOR A. DOPICO
INTERIM FEDERAL PUBLIC DEFENDER


By: *s/Bernardo Lopez*
      Bernardo Lopez
      Assistant Federal Public Defender
      Florida Bar No. 884995
      1 E. Broward Boulevard
      Suite 1100
      Fort Lauderdale, Florida 33301
      (954) 356-7436
      (954) 356-7556 (fax)
      Bernardo_Lopez@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on June 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Bernardo Lopez*
Bernardo Lopez