UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80780-CIV-MIDDLEBROOKS/MATTHEWMAN
14-80009-CR-MIDDLEBROOKS

MARK RICHARD HILLSTROM,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

FILED BY ____SW____ D.C.

Jul 1, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PETITION FOR A WRIT OF ERROR CORAM NOBIS

THIS CAUSE is before the Court upon the Petitioner, Mark Richard Hillstrom's ("Petitioner") Petition for a Writ of Error *Coram Nobis* ("Petition") [Cv-DE 1].[1] This case has been referred to the Undersigned United States Magistrate Judge by the Honorable Donald M. Middlebrooks, United States District Judge, for report and recommendation. *See* Cv-DE 5. Petitioner claims that *Counterman v. Colorado*, 600 U.S. 66 (2023), establishes that the indictment against him is insufficient. The Government has filed its Response to the Petition [Cv-DE 9], and Petitioner has filed a Reply [Cv-DE 10].

The Court has reviewed the Petition, the Government's Response, Petitioner's Reply, and all pertinent portions of the underlying criminal and related civil files.

For the reasons explained below, this Court **RECOMMENDS** that the Petition be **DENIED.**

---

[1] Throughout this Report and Recommendation, docket entries labeled "Cv" will refer to 24-80780-CIV-Middlebrooks/Matthewman, the case currently before the Court. Docket entries labeled "Cr" will refer to 14-80009-CR-Middlebrooks, Petitioner's original federal criminal case.

## I.    BACKGROUND

More than eleven years ago, on January 21, 2014, a federal grand jury in the Southern District of Florida charged Petitioner with a single-count Indictment, as follows:

> On or about November 27, 2013, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendant **MARK RICHARD HILLSTROM** did knowingly and intentionally transmit in interstate commerce a communication over the internet, which communication contained a threat to injure the person of another, specifically "M.S.," in violation of Title 18, United States Code, Section 875(c).

[Cr-DE 23].

Petitioner did not move to dismiss the Indictment. On March 7, 2014, Petitioner entered a guilty plea to the Indictment. [Cr-DE 35]. Petitioner and the Government entered into a written plea agreement. [Cr-DE 36]. Petitioner and the Government also signed a factual proffer agreement. [Cr-DE 37]. The parties agreed that the following facts were true and correct and would have been proven beyond a reasonable doubt at trial:

> On November 27, 2013, at approximately 9:52 a.m., on JAABlog, a blog devoted to coverage of the Broward County courts and judiciary, HILLSTROM posted the following entry:
>
>> Rouge asa will die wrote: by the end of this year a rouque asa will be executed for his abuse of prosecutorialpower that hurt my kids and ruined my life. His kids will be spared but he has too much power to be left to his sma minded sick decptions to get convictions and further his career. He will be accompanied by current and former judges who abused their judicial power to destroy good lives and decent people. [M.S.] goes first.
>
> HILLSTROM posted the entry on the internet blog using a computer. HILLSTROM was in Palm Beach County, Florida at the time he made the post. JAABlog's website is hosted by Go Daddy. Go Daddy's computer servers are located in Arizona. As a result, the posting/message was sent in interstate commerce.
>
> HILLSTROM knowingly posted the threat, which was a true threat to injure M.S., after years of disagreement with the Broward State Attorney's office, of which M.S. is the head.

[Cr-DE 37]. Petitioner personally signed the factual proffer, which he admitted, and stated that he knowingly posted the threat and that it was a true threat to injure M.S. *Id.* Also, at the change of plea hearing, Defendant stated under oath that the entire factual proffer that he signed was truthful and accurate. [Cr-DE 82 at 23–25]. The parties further agreed that the factual proffer was accurate and satisfied all of the required elements of the offense in question. *Id.* at 24–25. The Court found that the Defendant was "fully competent and capable of entering an informed plea," that he was "aware of the nature of the charges and the consequences of a plea," and that the plea of guilt was a "knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." *Id.* at 28–29.

On May 15, 2014, United States District Judge Donald M. Middlebrooks sentenced Petitioner to a ten-month term of imprisonment, to be followed by a three-year term of supervised release. [Cr-DE 45]. Petitioner did not file a direct appeal from his judgment and conviction or sentence.

After his release from prison, Petitioner began serving his three-year term of supervised release. On August 21, 2015, Petitioner was arrested and charged with violating the terms of his supervised release. [Cr-DE 53]. On October 2, 2015, the Court revoked Petitioner's term of supervised release, sentenced Petitioner to time served, and imposed an additional twenty-four-month term of supervised release on Petitioner. [Cr-DE 67].

On May 31, 2016, Petitioner filed a Motion to Vacate, Set Aside or Correct Conviction and Sentence Pursuant to 28 U.S.C. § 2255 [Cr-DE 100]. He argued that the Supreme Court case *Elonis v. United States*, 575 U.S. 723 (2015) invalidated his conviction "because the conduct he pled guilty to is not a crime." [Cr-DE 100]. The Court dismissed Petitioner's § 2255 Motion because

"movant's guilty plea and resulting conviction remain valid post-*Elonis* because the record establishes that Petitioner admitted to facts demonstrating that he knowingly transmitted a threatening communication and specifically intended for such communication to be a threat as required under § 875(c)." [16-cv-80862, DE 13 at 7]. Petitioner appealed the Court's decision. [16-cv-80862, DE 18]. The Eleventh Circuit denied this appeal, stating,

> Hillstrom is not entitled to vacatur under § 2255 because any error was harmless in light of the conduct he admitted in his factual proffer. That statement, signed and sworn, averred that Hillstrom "knowingly posted the threat." To the extent the indictment failed to allege that Hillstrom subjectively knew that his communication contained a threat, *see Elonis*, 135 S. Ct. at 2011, the proffer supplies the factual basis for inferring that scienter. *See Martinez*, 800 F.3d at 1295. In characterizing the interstate communication he knowingly posted as a 'threat,' Hillstrom freely and voluntarily admitted all of the elements of the offense under § 875(c). Any error in his indictment was therefore harmless. To put it another way, Hillstrom has not established that he suffered any actual prejudice from the error, nor has he argued that he is actually innocent of the charge. *See Bousley*, 523 U.S. at 622.

*Hillstrom v. United States*, 760 F. App'x 836, 839 (11th Cir. 2019). Petitioner then filed a petition for a *writ of certiorari* to the Supreme Court, and that petition was denied. *Hillstrom v. United States*, 139 S. Ct. 2658 (2019).

The Probation Office subsequently filed another Petition and Order for a modification of Petitioner's term of supervised release. [Cr-DEs 83, 88]. On July 22, 2016, the Court again revoked Petitioner's term of supervised release. [Cr-DE 103]. The Court sentenced Petitioner to time served and imposed no further supervision. *Id.* Petitioner has thus not been in custody for the underlying offense since July 22, 2016.

Then, on June 26, 2024, Petitioner filed his Petition for Writ of Error *Coram Nobis* [Cr-DE 111].

4

## II.     LEGAL STANDARD

"The writ of error *coram nobis* is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). Courts may consider *coram nobis* petitions "only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Id.* at 1204. "The bar for *coram nobis* is high, and the writ may issue only when: (1) 'there is and was no other available avenue of relief'; and (2) 'the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" *Maye v. United States*, No. 24-10239, 2025 WL 355012, at *4 (11th Cir. Jan. 31, 2025) (quoting *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). "Because of the availability of habeas review, the Supreme Court has found it 'difficult to conceive of a situation in a federal criminal case today where [*coram nobis* relief] would be necessary or appropriate.'" *Lowery v. United States*, 956 F.2d 227, 229 (11th Cir. 1992) (citing *United States v. Smith*, 331 U.S. 469, 475 n.4 (1947)). A claim of jurisdictional error "is by its nature of such a 'fundamental character' as to render proceedings 'irregular and invalid,'"; this type of error may be corrected through *coram nobis* relief. *United States v. Peter*, 310 F.3d 709, 715 (11th Cir. 2002) (quoting *United States v. Morgan*, 346 U.S. 502, 509 n.15 (1954)). The Eleventh Circuit "imposes the rule that a petition asserting new claims may be considered only where the petitioner presents sound reasons for failing to seek relief earlier." *United States v. Fieldstone*, No. 87-CR-00207, 2024 WL 5301411, at *5 (S.D. Fla. Dec. 18, 2024), *report and recommendation adopted*, No. 87-CR-00207, 2025 WL 50380 (S.D. Fla. Jan. 8, 2025) (citing *Jackson v. United States*, 375 F. App'x 958, 959 (11th Cir. 2010) (affirming denial of petition)).

### III.    DISCUSSION

Petitioner argues that *Counterman* shows that the "indictment charging Mr. Hillstrom was defective in that it failed to charge an essential element of the offense—that Mr. Hillstrom had a subjective understanding of the threatening nature of his statements." [Cv-DE 1 at 4]. In response, Respondent asserts that the Petition is procedurally improper and that the record proves that the *Counterman* standard is met. [Cv-DE 9 at 5–8].

*Counterman* declares that in a true-threat case, "the First Amendment [] requires proof that the defendant had some subjective understanding of the threatening nature of his statements[,]" and that "a mental state of recklessness is sufficient." *Counterman*, 600 U.S. at 69. Therefore, the prosecuting entity must show "that the defendant consciously disregarded a substantial risk that his communications would be viewed as threatening violence." *Id.*

First, the Court finds that the Petition is procedurally improper. Petitioner raises the same challenge to his conviction that was previously rejected. In denying Petitioner's § 2255 Motion, the district court stated that Petitioner "admitted to facts demonstrating that he knowingly transmitted a threatening communication and specifically intended for such communication to be a threat as required under § 875(c)." [16-cv-80862, DE 13 at 7]. Next, in affirming the district court, the Eleventh Circuit found that "[t]o the extent the indictment failed to allege that Hillstrom subjectively knew that his communication contained a threat, [citing *Elonis*], the proffer supplies the factual basis for inferring that scienter." *Hillstrom*, 760 Fed. App'x at 839 (citing *United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015)). While these findings were made before *Counterman*, the district court and the Eleventh Circuit anticipated a *Counterman* issue. By holding that the proffer provides the factual basis for inferring that Petitioner subjectively knew

6

that his communication contained a threat, the district court and Eleventh Circuit have already decided that Petitioner had a subjective understanding of the threatening nature of his statements.[2] *See Hillstrom*, 760 Fed. App'x. at 839; *Counterman*, 600 U.S. at 69. Therefore, the Petition is procedurally improper because this issue has already been decided. *Ramdeo v. United States*, 136 F.4th 1348, 1354 (11th Cir. 2025) (citation omitted) (finding that *coram nobis* relief may only be granted when the issue has not been "passed upon"). Ultimately, Petitioner cannot take rejected arguments and repackage them as a *coram nobis* petition.

Moreover, Petitioner does not address the applicable findings the district court made in rejecting his § 2555 Motion. [16-cv-80862, DE 17 at 4–5]. The district court previously found that (1) Petitioner waived any challenge of an omission of a *mens rea* element; and (2) "any claim based on an insufficient factual basis for [Petitioner's] guilty plea is procedurally barred as it was not raised on direct appeal." *Id*; *see also Fieldstone*, 2024 WL 5301411, at *7 (noting similar reasoning). The Undersigned reiterates those findings herein and concludes that the Petition is procedurally improper for the same reasons.

---

[2] The Court has also reviewed Petitioner's Notice of Supplemental Authority [DE 14] citing *In re Rendelman*, F.4th 248 (4th Cir. 2025). *In re Rendelman* made the newly recognized *Counterman* rule "retroactively [applicable] to cases on collateral review." *In re Rendelman* 129 F.4th at 254. Nonetheless, this case is distinguishable. First, in contrast to the facts of *In re Rendelman*, Petitioner Hillstrom entered into a plea agreement, pled guilty, was sentenced, and never filed a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (noting that the Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review"); *United States v. Timmreck*, 441 U.S. 780, 784 (1979) (finding that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas"). Second, *In re Rendelman* lacks any facts of the petitioner's subjective awareness of the threatening nature of his statements. *In re Rendelman* 129 F.4th at 252 (explaining that during trial, the district court gave the following jury instruction: "A statement is a threat if it was made under such circumstances that a *reasonable person* hearing or reading the statement would understand it as a serious expression of intent to inflict injury.") (emphasis added). However, as stated, here Petitioner Hillstrom "subjectively knew that his communication contained a threat" and at minimum, consciously disregarded that his communication would be perceived as threatening. *Hillstrom*, 760 F. App'x at 839.

However, assuming for the sake of argument that the Petition is procedurally proper — which it is not—*Counterman* is clearly satisfied. The defendant in *Counterman* was charged under a Colorado state statute, not the federal statute under which Petitioner was charged. *Counterman*, 600 U.S. at 70. The statute at issue in *Counterman* applied an objective standard by making it unlawful to make a communication "in 'a manner that would cause a reasonable person to suffer serious emotional distress[.]'" *Id.* (citation omitted). The facts involving Petitioner are markedly different. Here, by admitting to knowingly posting a true "threat," Petitioner admitted to having at least a conscious disregard that his communication would be viewed as such. *See Elonis*, 575 U.S. at 748.

Even if, again assuming for the sake of argument, Petitioner did not admit to having the requisite intent required by *Counterman*—which he did—,the proffer contains more than sufficient facts from which "his intent can be inferred." *Martinez*, 800 F.3d at 1295. Petitioner admitted to posting on a Broward County courts and judiciary blog that a "rouge asa" will die, be executed, have his kids spared but has too much power, and will "go first." [Cr-DE 37]. Thus, any *Counterman*[3] alleged error in the indictment is harmless. *Hillstrom*, 760 Fed. App'x. at 839. The record is clear that Petitioner possessed a subjective understanding of the threatening nature of his statements.

Therefore, for the reasons stated above, Petitioner has not met his burden in showing that the "extraordinary remedy" of *coram nobis* relief is warranted. *Mills*, 221 F.3d at 1203.

---

[3] The Court is also assuming that Counterman applies retroactively. *See Hillstrom*, 760 Fed. App'x at 839 (presuming that *Elonis* applies retroactively)*; see also In re Rendelman*, 129 F.4th 248, 254 (4th Cir. 2025) ("Counterman applies retroactively to cases on collateral review.")

## IV.  CONCLUSION

On March 7, 2014, Petitioner pled guilty and stated under oath—in his factual proffer and at the change of plea hearing—that he **knowingly** posted the threat which was a **true threat to injure.** He was convicted, sentenced, and never filed a direct appeal. In 2016, he filed his § 2255 Motion, on the same grounds as here, which was completely rejected. Now over a decade after his conviction, he seeks to assert the same arguments, once again, in a fruitless attempt to vacate his legitimate and final conviction. Petitioner's reliance on *Counterman* to rehash old, rejected arguments is without merit. It is simply too little, too late.

Based on the foregoing, it is **RECOMMENDED** that Petitioner's Petition for a Writ of Error *Coram Nobis* [Cv-DE 1] be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of July 2025.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge
