UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80780-CIV-MIDDLEBROOKS/Matthewman
(14-80009-CR-MIDDLEBROOKS)

MARK RICHARD HILLSTROM,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon the Petitioner, Mark Richard Hillstrom's ("Petitioner") Petition for a Writ of Error *Coram Nobis* ("Petition"), filed June 26, 2024. (DE 1). The Petition was referred to Magistrate Judge William Matthewman. (DE 5). On July 1, 2025, Judge Matthewman entered a Report and Recommendation ("Report"), recommending that the Petition be denied. (DE 15). Petitioner filed his objections on July 28, 2025. (DE 19).

I have reviewed the Report, the record, Petitioner's objections, and relevant caselaw. "The writ of error *coram nobis* is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). The bar for relief is high, as the writ shall issue only when "(1) 'there is and was no other available avenue of relief'; and (2) 'the error involves a matter of fact of the most fundamental character which has not been put in issue . . . and which renders the proceeding itself irregular and invalid.'" *Maye v. United States*, No. 24-10239, 2025 WL 355012, at *4 (11th Cir. Jan. 31, 2025) (quoting *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000)).

With these principles in mind, I concur fully with Judge Matthewman's findings as laid out in the Report. Petitioner primarily challenges his conviction based on subsequent Supreme Court precedent, citing *Counterman v. Colorado*, 600 U.S. 66 (2023), for the proposition that the indictment did not establish his subjective knowledge of his statement's threatening nature. As discussed more fully in the Report, Petitioner's attempt is unpersuasive, and has been previously tested and rejected (albeit with a different Supreme Court citation) in his 28 U.S.C. § 2255 motion. (Cr-DE 100) (citing *Elonis v. United States*, 575 U.S. 723 (2015)). I held previously that Petitioner's "guilty plea and resulting conviction remain valid . . . because the record establishes that Petitioner admitted to facts demonstrating that he knowingly transmitted a threatening communication and specifically intended for such communication to be a threat as required under § 875(c)." (16-cv-80862, DE 13 at 7). I reaffirm this finding here. I further note that the Eleventh Circuit has also anticipated and rejected Petitioner's *Counterman* argument, holding that "[t]o the extent the indictment failed to allege that Hillstrom subjectively knew that his communication contained a threat, the proffer supplies the factual basis for inferring that scienter." *Hillstrom v. United States*, 760 F. App'x 836, 839 (11th Cir. 2019) (citations omitted). For these reasons, and for the reasons explained in Judge Matthewman's well-reasoned Report, I will deny the Petition.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that

1. The Petitioner's Objections (DE 19) to Magistrate Judge Matthewman's Report are **OVERRULED.**

2. Magistrate Judge Matthewman's Report and Recommendation (DE 15) is **ADOPTED.**

3. Petitioner's Petition for a Writ of Error *Coram Nobis* (DE 1) is **DENIED**.

4.  Final Judgment will be issued by separate Order.

**SIGNED** in West Palm Beach, Florida, this 29th day of July, 2025.

_____
Donald M. Middlebrooks
United States District Judge